Good morning, your honors. My name is Richard Klein and I represent Frank Richardson in this case, these cases, and I would reserve three minutes for rebuttal. I know the court carefully reviews the record and the briefs in these cases, and you are aware that we've asserted six assignments of error. I'd like to begin with the third and fourth assignments of error because they address the Confrontation Clause issues. The third assignment of error addresses the district court's failure to admit prior inconsistent statements by two witnesses, Jerome and Derek Bevins. Mr. Bevins, plural, were co-defendants who pleaded guilty and testified for the government, and their testimony was the only direct evidence of the defendant's participation in the robberies at issue in their testimony. There was circumstantial evidence, but theirs was the only direct evidence. Prior to trial, both Jerome Bevins and Derek Bevins each signed a written statement, and in that written statement, the gist of the statement was, I'm going to testify for the government, I'm going to say that Mr. Richardson was involved in these cases, these robberies, but that statement that I'm about to testify to is false. Mr. Richardson was not involved in these robberies, and I'm doing all of this because I want to gain favor from the government and get a 5K motion to get out from under some very severe mandatory minimum sentences that both Mr. Bevins were facing. These statements were not taken under oath or penalty of perjury or anything like that, were they? They were not sworn testimony in any sort of court proceeding. I believe one of them contained some attestation language, but I'm not sure that it was even in the presence of a notary, so I would tend to agree with the court that they were not sworn. Is that problematic for you? I don't think so, Judge. Under the hearsay rules? No, Your Honor, I don't think so. And the reason that I don't think so is because the admission of these prior inconsistent statements, extrinsic evidence of those prior inconsistent statements, it does not implicate the hearsay issue at all, in my view. Rule 613B says extrinsic evidence of a witness's prior inconsistent statement is admissible. Then it sets some limits on that admission. It requires that the witness be given an opportunity to explain or deny the statement. An adverse party must be given an opportunity to examine the witness about it. And then it has an escape clause, or if justice so requires. Is it admissible for the truth of the statement, or is it admissible to show impeachment? Impeachment. It's not admissible for the truth of the matter asserted. And had you tried to, or had the defense counsel tried to introduce it for the truth or for impeachment only? I read in the government's brief the assertion that it was being offered for the truth of the matter asserted. I do not read the record that way. I was not trial counsel. I was appointed for the appeal, but that's not the way I read the record. That's not the way I understood defense counsel's argument. I understood the argument to be this is impeaching, and I have the right to do that impeachment both by confronting the witnesses, but also by allowing the jury to read the actual and have the actual prior inconsistent statements. I would suggest to the court that that question really is this question that was reserved by a different panel of this court in the United States v. Whelan, and that is whether the defendant is entitled to introduce extrinsic evidence of a prior false or inconsistent statement when the witness admits at trial that she made the statement and that it was false. I argue that that question was really answered almost 60 years ago in the Gordon v. United States case, and that the United States Supreme Court in that case, albeit in a different context, but in that case the court examined the value of that extrinsic evidence as impeachment evidence and was, I think, quite clear that the impeachment value comes not only from confronting the witness on the witness stand, but allowing the jury to actually have and see and hold and touch the prior inconsistent statement so that the jury can make a determination. Does this statement help me evaluate the credibility of this witness, and if so, does it have the impeaching value that the defense lawyer wants me to believe that it has? But what you're saying then is that it's not harmless error for the essence of the document to come in through the discursive interaction but to have the document itself not admitted for impeachment purposes, because the way you're describing it, the essence of the document was discussed and was admitted to. I think that's correct. I think the record shows that the defense counsel was permitted to confront the witness with the gist of the prior written statement, but I think Gordon teaches us that that's not enough. Did Gordon allow for harmless error analysis, or you're saying it's never going to be harmless? You're going to always have to have the document? I don't think Gordon addresses that question, Your Honor, and I apologize. I don't know for sure, but I don't think so. Gordon arose in a slightly different factual context. It was there the question was the presentment of the document to the defense counsel in the first instance, and so I don't think the court in Gordon ever got to that question. But I would certainly argue that it's not harmless error, because in this case the direct testimony link between Mr. Richardson and the robberies at issue with the two Bevins brothers was the testimony of the two Bevins brothers. There's certainly circumstantial evidence, and I can't hide from that, but the only direct evidence was the testimony of these two cooperating witnesses. There's no DNA. There's no photographs, no fingerprints, no forensic evidence, and so for that reason the testimony of these two witnesses is central to the government's case, and the ability to impeach these witnesses is central to the defense, and for that reason I would suggest that harmless error would not apply. The Supreme Court's language in Gordon, I think, is really telling. This is the holding that the court said in Gordon. We think that an admission that a contradiction is contained in the writing should not bar admission of the document itself in evidence, and that's the holding from Gordon. So I would suggest to the court that the district court erred in this case. It should have allowed the admission of those two statements. It was for the jury to determine whether those written statements had the impeaching effect that the defense counsel attributed to them, and having been deprived of that, it's not harmless error. And as I indicated before, the plain language of Rule 613B supports that argument because it says extrinsic evidence of a witness's prior inconsistent statement is admissible. It doesn't say is admissible unless it's hearsay. It says is admissible. The next issue I'd like to talk about is a related confrontation clause issue, and that is the defense counsel's attempt to impeach the testimony of Officer Herzog. The court will recall that Officer Herzog had testified in a prior case before a different sitting district court judge, and that judge had issued an order, and in the order the judge had found that Officer Herzog's testimony was incredible and unbelievable. Defense counsel sought to question Officer Herzog about the district court's order in an effort to impeach his credibility before the jury. This issue is assigned separately because I don't think there's any way that the defense lawyer could have admitted the prior judge's order. That's not a statement by the witness. It doesn't fit any of the arguments that I just made with respect to Mr. Bivens and Mr. Bivens' written statements, and he did not attempt to offer the actual order itself into evidence. He merely wanted to question the witness about this prior order by a sitting district court judge. The district court analyzed it and first expressed some doubt as to whether or not the order itself went to the witness's character for truthfulness. The government didn't argue that, and I don't think that they seriously contest an order by a judge that a person who gave sworn testimony before them gave testimony that was incredible and unbelievable. I don't think there's any serious doubt that that goes to the character of truthfulness for that witness. I think the real issue here is whether the district court properly engaged in the 403B probative value prejudicial effect analysis. I think that's the question for this court to decide. We argue that Rule 403B is designed to apply in narrowly confined circumstances and only where the prejudicial effect cannot be otherwise mitigated. Or to state it slightly differently, under the 403B analysis, we should give evidence its maximum reasonable probative value and its minimum reasonable prejudicial value. I use those terms to try to describe a preference for the admission of relevant evidence, and I think that that preference flows throughout the rules of evidence and certainly as a matter of due process, so that the defendant ought to be allowed to introduce relevant evidence. And I think the rule itself suggests that that's the proper way to analyze the issues. Do we evaluate the district judge's ruling for abuse of discretion? I think that's correct, Your Honor. And then do we apply harmless error analysis as another layer? As much as I hate to say it, I think the answer to your question is yes. So assuming that you're right on everything down to the harmless error step, why isn't it harmless error not to have admitted the to allow questioning regarding the other judge's previous finding on incredibility? Officer Herzog provided a link between the defendant and certain aspects of the circumstantial evidence leading to the conclusion that he participated in these robberies that there was no other testimony for. And so for that reason, his testimony is, you know, a chain is only as strong as its weakest link. And defense counsel, I think, properly focused on that as a weak link and attempted to attack that weak link. And therefore, I don't think it's harmless error because had the jury rejected Officer Herzog's testimony, it might well have found differently on at least some of the charges. Okay, thank you, Counselor. Your initial time has expired, but you'll have your full rebuttal. Thank you. Thank you. Good morning, and may it please the Court. My name is Shane Crowley. I represent the United States. I'd like to address first the issue of the extrinsic evidence of the prior inconsistent statement under 613. As an initial matter, as I read the record, this was objected purely on evidentiary grounds, not confrontation clause, so this is purely an abuse of discretion review. I believe the confrontation clause objection went to the 608B issue that I'll turn to in a moment. Rule 613 provides that extrinsic evidence may be introduced to show a prior inconsistent statement, essentially that a witness testified differently in a previous occasion than he's testifying at trial, but only if he's given an opportunity to either admit or explain the existence of that prior inconsistent statement. And that's exactly what happened here. Both James Andrew and Derek Bivens had signed letters, letters that they stated during their testimony were given to them by Frank Richardson. They signed these letters stating to the effect that he was not involved in their crime. I don't think it went to the level that counsel described as far as trying to get out from underneath mandatory minimums and what have you, but it did say that they did not conspire with Mr. Richardson. And then they denied that they made those statements, or that they were accurate. They admitted that they had made them, denied that they are accurate. And that's all that's required under 613 as far as the existing case law. Now, there is a split in the circuits which this court addressed in Waylon as to whether these statements themselves should be introduced such that the jury can see the full scope of the contradiction, as opposed to merely knowing that they had testified differently to understand the extent to which they testified differently. There are a number of circuits that would say that statement should be introduced, that the jury could hear that. But that's exactly what happened here. The district judge allowed Richardson to read that testimony in and ask them if they made that statement. And they did. Was the entirety of the statement read in? That's my understanding, Your Honor. I'm a little bit wondering why did the district judge not allow the statement itself in? I gather that is the crux of this. Well, I do understand. I believe that is the crux of this. And I believe that the district judge here was concerned that defense counsel was trying to use it for substantive purposes, as proof of innocence, beyond just the prior inconsistency to show that the witness is testifying differently than before, but that the jury could then somehow take that and interpret that as culpatory evidence. But clearly the district judge could have instructed the jury just to use it for impeachment purposes. That's correct. And he did give a limiting instruction after it was read in. But as for why he did not go that final step and allow that statement to go back... He didn't explain when he was rejecting the... Well, Your Honor, no, I apologize. He stated in what I presume to be sidebar to counsel that he did not want it, that it could not go back because that would be substantive evidence. And the hearsay, it did not satisfy the hearsay exceptions in order to be admitted as substantive evidence. So the district judge was wrong on that because he could have given a limiting instruction and it wouldn't have been substantive evidence. Well, I think there's two issues there. Let me make sure I understand your question. Please, yes. I think there are two issues. I think, overall, the fact that it was not sworn in a prior proceeding was a reason why hearsay would exclude it from being admitted and going back for substantive purposes. And I think that was the primary basis because it couldn't be exculpatory evidence for that reason that the jury could see. But as for if the hearsay issue did not exist, then there would be the real crux of the issue here today, which is could it go back or should it go back. And as this Court stated in Waylon, that's an issue that hasn't been addressed in the circuit. Certainly, given the uncertainty in the case law, Richardson received the full benefit of the jury not only knowing that both Andrews and Bivens had made prior inconsistent statements, but they also heard that prior inconsistent statement. And so even if there was error here, that error was harmless. The jury was allowed to understand not only that they had testified differently or given a different statement, but also that they had, prior to trial, denied Frank Richardson's involvement. And so the jury was able to assess that statement, weigh the credibility of these two witnesses, and then reach a finding. And so for that reason, to the extent there was any error, it was harmless. Turning to the second issue, and this is where the Confrontation Clause was used as one of the two objections. Under 608B, extrinsic evidence is ordinarily not admissible to prove specific instances of a witness's conduct to support or attack their character for truthfulness. But the court may, on cross-examination, allow a witness to be inquired into those specific instances of conduct if they are probative of the character for truthfulness. And why wouldn't the fact that another district judge has found this particular witness to be not credible be probative? I think that's the real issue here, and there are several answers to that. First, I'd like to talk about Judge Rosen's analysis of this, because he actually spent a fair amount of time analyzing this issue. Judge Rosen had issues or had concerns with the clarity of Judge Hood's opinion, because this was not only an opinion relating to Officer Herzog's testimony, but also to another Detroit police officer's testimony in the context of a suppression hearing. And Judge Rosen found that it wasn't clear at times which parts of her opinion went to which officer. Certainly in the aggregate, she was crediting the testimony of the defense witnesses as opposed to the Detroit police officers. But because of the ambiguity at times, and the fact that this was not something that was objectively verifiable, and by that I mean, he noted that this was unlike, for example, lying in an employment application. If you were to deny that, or to leave out that you've been convicted of a crime, that's something that can be objectively verified, and it will go to your character for truthfulness. Here, this was an issue of multiple witnesses testifying on behalf of the government, multiple witnesses testifying on behalf of the defendant, and Judge Hood assessing the credibility and determining that she found one side more credible than others. And Judge Rosen even noted that part of her credibility determination on that day, part of her weighing of those witnesses' testimonies, turned on their description of the defendant and how he was urinating in an alley, and her disbelief that an individual would do so in the manner described by the officers. And Judge Rosen even mentioned that he had seen something quite the contrary, and so his own personal experience, he might have credited those officers' testimony differently. It sounded as though Judge Rosen simply disagreed with the prior judge's opinion, and I'm just wondering if the fact that he didn't agree, is that sufficient reason not to admit the opinion? In other words, much of what you're saying may be true, but to me it seems that the basis that the evidence was, that it wasn't let in, was legally incorrect, which is simply that Judge Rosen didn't agree with the findings of the prior judge, even though the prior judge is the one who had the catbird seed in terms of making the initial evaluation back when she evaluated the evidence. So seemingly that would render the reason of Judge Rosen's reason to be defective, don't you think? Your Honor, if he simply disagreed with it, then I would agree with your point. Well, he gave reasons, but the reasons indicated that he simply didn't agree with the prior judge's... I think that's a fair reading of his analysis, but he also turned to, as a secondary issue, the 403 analysis and the potential for confusing the jury. I would note that the courts that have considered this issue, and there have been a number now, the D.C. Circuit, the 2nd, the 10th, and the 7th, they have noted that a determination by a fact finder, such as a sitting district judge in an instance like this, may be probative, but it's not always probative. And there are a number of things that a district judge should examine. One, for example, might be the time period between that determination. For example, here, this is a single finding by a judge, but it was 11 years earlier. It would be, as I believe the 7th Circuit, as Judge Posner noted in the Dawson case, it would be one thing if there was a pattern, or if there were a number of instances of findings such as this, not obviously by a district judge, but by fact finders, versus a singular instance, a great period of time earlier, and that would go to whether it's probative of that witness's character for truthfulness. Indeed, the 2nd Circuit gave seven different factors that a district judge should consider in the Cedeno case, and I'm not suggesting that we go to that level. I'm not sure about what your point is about the 11 years, because the first judge's opinion was reduced to writing and preserved, so it's not like somebody's memory faded over 11 years. I'm not sure what your point about the 11 years is. Your Honor, I agree that because it was reduced to writing, certainly we would be able to understand what the finding was, but the temporal aspect goes to if the opinion was a month earlier or a year earlier, I believe it would reflect more on that witness's character for truthfulness than, for example, something that happened a decade ago or 20 years ago, and for that reason, much like under 609, that a prior criminal conviction can't come in after a certain period of time, I believe there should be at least a weighing of the factors or an assessment made by the district judge going to whether that is probative. It seems to me that one of the probable reasons why the district judge here didn't want to allow this in was because it was going to be so probative to know that another district judge in a federal case had found that this police officer was not credible would, in fact, be very influential, I would think, on a jury. I think it certainly would be probative. I don't know if I would agree with it would be so probative. I do think that a finding such as that could be probative in certain instances, and then I think that you go to the secondary analysis under 403, not necessarily of the undue prejudice, but I think of the confusion to the jury. The jury might be wondering, why are we hearing about this? What does this case have to do with anything? I think that goes to the scope of the questions, and certainly that's one thing if the defense attorney was allowed to ask, has a judge ever found you not to be credible? It's another thing if they go more into the context and the background behind it. But I think that there has to be the ability, the discretion by the district judge to make that probative, that determination of whether that prior opinion is probative. They have to be allowed to make that assessment because not every single instance will be. As I said earlier, there's a big difference between something that can be objectively verified, such as did you lie or did you commit perjury, versus when a judge hears testimony from a multitude of witnesses on each side and simply makes a credibility determination. I believe it happened this way, but that could be a 51 to 49% finding. There's a big difference between that versus I find you committed perjury because you did lie on your employment application. So for that reason, the district judge in a situation like this has to be able to make that determination of whether it's probative. Suppose that we felt that we determined that there was an error on the part of the district judge. Is it harmless error here or not? Your opponent said it is not harmless, at least vis-à-vis some of the counts. Your Honor, it is harmless error. Officer Herzog, his testimony was quite limited. Indeed, it's arguably cumulative. His testimony was limited to surveillance of the last robbery, the last robbery in May of 2010 of the Radio Shack in East Point. He didn't have anything to do with the other four robberies in terms of his testimony. It was only the last one. That's correct, Your Honor. There were 10, I believe there were, if I remember correctly, there were 8 or 10 officers that testified, and they were all testifying about surveillance that last day. They knew that the robbery was going to occur, so they trailed the robbers on the way to that Radio Shack. They sat outside the Radio Shack, and then after they exited the store, they then stopped them on the highway and arrested them. Officer Herzog was sitting in the back of that Radio Shack. His testimony was that he saw Frank Richardson drive through the parking lot twice. That testimony was corroborated. Indeed, his testimony was mirrored by other officers. He then testified that three individuals ran out of the back of the store carrying a bag full of items, later shown to be cell phones, and a flat screen TV box, and got into a van and sped away. That was the only unique testimony of Officer Herzog that limited a bit about the other three individuals. And I would note that that testimony was corroborated by James Andrews and Derek Bivens, two of the people that were involved that gave direct testimony, as well as employees and victims within the store. And so if this court does find that Judge Rosen erred in precluding the cross-examination of this issue, certainly that error was harmless, given the limited nature of Officer Herzog's testimony and how cumulative it was. I see my time has expired if there are no further questions. Apparently not. Thank you. Thank you very much. Clyde? Thank you, Your Honor. I would like to just briefly address some of the issues related to Officer Herzog's testimony. I think the government is proposing a test that says if the facts about which the officer would testify are objectively verifiable facts, then we can impeach. But if they're subjective, then we can't impeach. And I would suggest to you that's an untenable test. It simply does not work. The truth be told, it is those subjective facts, for lack of a better way to describe them, that are often the most telling facts in the case. And for that reason, it's the very fact that we cannot objectively verify one way or another, whether the officer is being truthful about that testimony, is what makes the impeachment so important. He also suggested that because the prior court order had happened many years ago, that would somehow make it less probative. Certainly, to the extent that that does make an impact on the evidentiary weight to be given to the evidence, the jury can make that determination. That's why they are there. It would go to the weight of the evidence that the jury gives, not to its admissibility. Do you have a case that you think is the best case for your side? I'm sorry, Judge? Do you have a precedent that's the best precedent for your side from another circuit? I'm sorry, Judge, I do not. Other than the cases cited in the brief, I've not found any that I thought were... I think this is a very unique circumstance. First of all, I've been practicing 33 years, and I've never had a judge issue an order that they found a law enforcement officer's testimony not credible. So that in and of itself is a pretty extraordinary event. The last two issues is the question of confusion of the jury. I think that's solved by proper jury instructions. I think the judge has the power to do that. Juries listen to those instructions. And then, really, Judge Rosen's discussion of this issue is replete with references to, well, the prior judge didn't find perjury. If she had found perjury, maybe I would be okay with allowing you to cross-examine the witness on this. And I would suggest that that simply sets the bar way too high. Evidence can certainly be probative without rising to the level of evidence sufficient to convict of perjury. I did not address several issues in the brief. We stand by all of them. I know you'll rule on all of them, but I just want the record to be clear. I'm not giving up on any of those, but I wanted to use my time wisely. We understand. Okay, thank you, counsel, for your arguments this morning. We very much appreciate them. And, Mr. Kline, we note that you have accepted this case under the Criminal Justice Act. And for that, the court is thankful. Hopefully Mr. Richardson is thankful at the very hard work you've undertaken on his behalf. But thank both of you, counsel, for your presentations today.